COUGHLIN *v*. STATE OF INDIANA

[No. 28,425.   Filed June 8, 1950.]

Emmert, C. J., not participating.

*Moore & Goad;* and *Noel M. Cuff,* all of Gary; *James P. Gleason,* of Michigan City, for appellant.

*Cleon H. Foust,* Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

*Ben Schwartz,* Prosecuting Attorney, Lake County; and *William J. Obermiller* and *Daniel F. Kelley,* Deputy Prosecuting Attorneys, of Lake County, Amici Curiae.

GILKISON, J.—Appellant, his wife and two others, were charged by affidavit in two counts, in the trial court. By Count One it is charged that they knowingly and feloniously united, combined, conspired, confederated and agreed "to then and there and theretofore receive and collect x x x ($15,000) as motor vehicle fuel license taxes" and failing to pay said sum or any part thereof to "the said Administrator."

In the second count they were charged with receiving and collecting $15,000 as motor vehicle fuel license taxes, the property of the state of Indiana, and failing to pay the same or any part thereof to the Administrator.

A separate trial was granted the two codefendants. Appellant and his wife were tried together by jury, on their plea of not guilty. By its verdict the jury found both defendants not guilty on Count Two of the affidavit. It was unable to agree as to the guilt or innocence of appellant's wife on the first count. It found appellant guilty on the first count, fixed his fine at $5,000 and that he be imprisoned in the state prison for a period of 2 to 14 years.

From a judgment on this verdict the appeal is taken.

By his motion for new trial, assignment of error and brief, appellant raises the single question, that the verdict of the jury is contrary to law, because it is not supported by evidence.

The crime of conspiracy to commit a felony is defined by statute as follows:

"Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than twenty-five dollars [$25.00] nor more than five thousand dollars [$5,000], and imprisoned in the state prison not less than two (2) years nor more than fourteen (14) years." § 10-1101, Burns' 1942 Replacement.

In order to be a conspiracy there must be an intelligent and deliberate agreement to commit the offense charged. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to do the acts and commit the offense, though the agreement is not manifest by any formal words. Concurrence of sentiment and co-operative conduct in the unlawful and criminal enterprise are the essential ingredients of criminal conspiracy. There must be an agreement and there must be evidence to prove the agreement directly, or such a state of facts that an agreement may be legally inferred. Conspiracies cannot be established by the mere suspicion. Evidence of mere relationship or association between the parties does not show a conspiracy. *Johnson* v. *State* (1935), 208 Ind. 89, 95, 194 N. E. 619; *Kelley* v. *State* (1936), 210 Ind. 380, 385, 3 N. E. 2d 65; *Weer* v. *State* (1941), 219 Ind. 217, 232, 36 N. E. 2d 787, 37 N. E. 2d 537; *Shonfeld* v. *State* (1942), 219 Ind. 654, 666, 667, 40 N. E. 2d 700; *Eacock* v. *State* (1907), 169 Ind. 488, 502, 82 N. E. 1039; § 10-1101, Burns' 1942 Replacement, *supra.*

Appellant has a condensed recital of the evidence in the case, using one hundred fifty printed pages of his brief. We have read this recital carefully. The bill of exceptions containing the evidence is composed of twelve hundred fifty-six pages which we have examined.

The Attorney General who is charged by statute with the duty of representing the state in all criminal cases in the Supreme Court, § 49-1902, Burns' 1933, after a consideration of the record, has filed a confession of error in which, with commendable frankness, he says: "Appellee has carefully examined the evidence submitted in the trial court and has come to the conclusion that the judgment rendered in the Lake Criminal Court must be reversed for the reason that the verdict of the jury is contrary to law in that there is no competent evidence from which the jury could find or draw an inference that there was a conspiracy between appellant and his codefendants to embezzle Motor Fuel License Tax money from the State of Indiana."

There is evidence in the record indicating that a large amount of gasoline was transported from Illinois to Indiana and sold, and that the Indiana tax was not paid thereon. But in this appeal appellant is not charged with failure to pay the tax on such gasoline. On the contrary he is charged with conspiracy to commit a felony.

Two of his alleged co-conspirators waived their constitutional rights and voluntarily testified for the state. But they testified to no fact or facts indicating a conspiracy, or from which any inference of a conspiracy could be lawfully drawn. There is no evidence from any of the witnesses for the state or defendant from which any inference could be drawn that any con-

spiracy to commit a felony ever existed between the alleged conspirators.

Under such situation the verdict and judgment finding appellant guilty of conspiracy to commit a felony cannot stand. *Krieg* v. *State* (1934), 206 Ind. 464, 470, 190 N. E. 181; *Shonfeld* v. *State, supra,* page 666.

The judgment is reversed with instructions to sustain appellant's motion for new trial.

Emmert, C. J., not participating.

NOTE.—Reported in 92 N. E. 2d 718.