DURHAM *v.* STATE OF INDIANA.

[No. 30,949. Filed June 20, 1968.]

*Jim C. Cordes,* of Connersville, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a criminal conviction in the Fayette Circuit Court. Trial was by jury. The appellant, Nellie Mae Durham, was charged by Grand Jury Indictment in two counts. The indictment, omitting formal parts, reads as follows:

## COUNT I
### INDICTMENT FOR VOLUNTARY MANSLAUGHTER

"The Grand Jury of the County of Fayette, in the State of Indiana, upon their oath, do present that one Nellie Mae Durham, late of said county, on the 18th day of May, 1965, at the County of Fayette, State of Indiana, did then and there unlawfully, feloniously, purposely and voluntarily, upon a sudden heat, but without malice, did kill the said Noah Durham in the manner and form aforesaid, contrary to the form of the statute in such cases made and provided

for and against the peace and dignity of the State of Indiana."

## COUNT II
## INDICTMENT FOR INVOLUNTARY MANSLAUGHTER

"The Grand Jury of the County of Fayette, in the State of Indiana, upon their oath, do present that one Nellie Mae Durham, late of said county on the 18th day of May, 1965, at the County of Fayette, State of Indiana, did then and there unlawfully and feloniously and in a rude and angry manner, but involuntarily and without malice, kill one Noah Durham by then and there hitting, striking, beating and injuring the said Noah Durham, thereby feloniously, but involuntarily, inflicting a mortal wound and injury in and upon said Noah Durham, from which said mortal wound the said Noah Durham died on the 19th day of May, 1965, in the manner aforesaid, contrary to the form of the statute in such cases made and provided for and against the peace and dignity of the State of Indiana."

By the language of the above indictment, appellant was charged with striking Noah Durham a fatal blow on May 18, 1965, from which the said Noah Durham died on May 19, 1965.

Appellant has raised several allegations of error in his motion for new trial, but a discussion of only one of them will be sufficient to dispose of this matter. Appellant contends that the trial court erred in overruling her motion for new trial because the evidence is insufficient to sustain the jury's verdict of guilty of assault and battery with intent to kill.

The evidence produced at trial, when viewed most favorably to the appellee State, together with all reasonable and logical inferences to be drawn therefrom, *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794, reveals the following:

Noah Durham, the deceased, was the husband of the appellant. On approximately May 13, 1965, Noah Durham embarked on a drinking spree which continued until his death. Some time before 10:30 A.M. on May 18, 1965, appellant admits having struck her husband during a fight. At about

noon on that day, the appellant summoned police to the Durham home and when Officer Jones of the Connersville Police arrived, the appellant told the officer that she had been beating her husband with her fists for two days, and that if the officer didn't take Noah Durham to jail she would "kill him." Officer Jones refused to arrest Noah Durham, who, at the time, was drunk on a bed in the front room of the Durham home. Instead, he radioed headquarters that a doctor was needed. A doctor was called by the police and he went to the Durham home about 1:30 in the afternoon. This doctor testified at trial that the deceased had an abrasion around his right eye and had obviously been drinking for several days, but that he saw no need to hospitalize Noah Durham at that time.

Later in the day, the appellant, who also had consumed several alcoholic drinks during the day, confided to a friend that she had had a fight with her husband and had "really worked him over."

It was shown at trial that the appellant passed the afternoon of May 18 with neighborhood friends. At about five-thirty in the afternoon, two of appellant's friends accompanied her to the Durham home and observed Noah Durham as he conversed with appellant. At that time the decedent was coherent. He asked for, and was given, a bottle of pop. He drank the pop and later asked for an alcoholic drink which appelant gave him. Appellant and her friends then left the Durham home, appellant taking a bottle of whiskey with her. Appellant purchased some more beer and whiskey later in the evening, but the whiskey had not yet been opened by appellant when she left her friends and returned home at about 9:30 in the evening. She walked steadily as she went to her house. Soon after appellant went into her house, the lights were turned out.

At about 3:50 A.M. on the next morning, May 19, the appellant found her husband dead in the kitchen of their home. She ran to a neighboring home and the neighbor summoned the police. Soon thereafter the Fayette County Coroner,

Dr. John Bernzott, was called to the scene. While at the Durham home, he testified he heard Kenneth Durham, the son of Noah and Mae Durham, say to his mother: "I knew that you would kill him, if they didn't take him out of here."

An autopsy revealed the cause of death to be internal hemorrhage in the abdominal cavity resulting from the rupture of the mesentery, a well-vascularized sheet of tissue which invests the intestine and anchors it to the rear part of the abdominal cavity. The pathologist who performed the autopsy, Dr. Olin Wiland, was of the opinion that Noah Durham had died at sometime after *10 P.M.* on May 18, that the laceration of the mesentery could only have resulted from a severe blow of considerable force in the area of the abdomen and that death would follow this injury within a maximum of three hours.

Upon this evidence, the jury refused to find appellant guilty of either voluntary or involuntary manslaughter but, instead, found her guilty of assault and battery with intent to kill. Ind. Anno. Stat., § 10-401a (Supp. 1967).

It was not clear to the appellant before the trial, and, indeed, it is not clear to this Court after the trial, whether the charge made in the indictment in this case goes to the blow appellant admits she struck before 10:30 A.M. on May 18, 1965, or to some later incident.

Dr. Wiland testified that the type of injury which caused Noah Durham's death would result in death within three hours after its infliction. From the State's own expert evidence at trial, it thereby appears that the blow appellant admits striking before *10:30 A.M.* on *May 18, 1965,* could not have caused the death of Noah Durham. Therefore, since the indictment charged manslaughter, it is at least logical to infer that the appellant must stand charged with striking the fatal blow at some later time.

Having determined that the indictment in this case charges appellant with fatally striking her husband on May 18, 1965 at some time later than 10:30 A.M. on that day, we will now

proceed to determine whether the evidence heretofore recited is sufficient to support the jury's verdict of guilty of assault and battery with intent to kill.

When an appellant challenges the sufficiency of the evidence upon which his conviction is based, it is the duty of this Court, as a court of appeal, not to weigh the evidence, but only to decide whether there is substantial evidence of probative value from which a jury could reasonably find or infer the existence of each material element of the crime beyond a reasonable doubt. *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 2d 771. In *Easton* v. *State, supra,* it was said:

"The rule of law defining proof beyond a reasonable doubt is well settled. It requires the trier of facts to be so convinced by the evidence that as a prudent man he would feel safe to act upon such conviction in matters of the highest concern and importance to his own nearest, dearest and most important interests in circumstances where there was no compulsion or coercion to act at all." 228 N. E. 2d at 11.

If different persons might reasonably arrive at different conclusions as to the guilt or innocence of the defendant-appellant, it is not within the power of this Court to set aside the finding of the trier of the facts. On the other hand, if no reasonable man could be convinced by the evidence that the guilt of the accused has been proved beyond a reasonable doubt, as defined above, then the conviction is not sustained by substantial evidence of probative value, and this Court is vested with the power and the duty to overturn it. *Easton* v. *State, supra; Baker* v. *State, supra; Morgan* v. *State* (1921), 190 Ind. 411, 130 N. E. 528.

Ind. Anno. Stat., § 10-401a (Supp. 1967) sets out the elements of assault and battery with intent to kill as follows:

"Whoever with intent to kill another human being perpetrates an assault or assault and battery upon the other human being, shall upon conviction, be imprisoned in the

state prison for not less than two (2) nor more than fourteen (14) years."

The phrase "assault and battery" is defined in Indiana in the following terms:

"Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery. . . ." Ind. Anno. Stat. § 10-403 (Supp. 1967).

Therefore, in order to sustain the conviction of appellant for assault and battery with intent to kill, we must find that there is substantial evidence of probative value in this case from which the jury could have concluded beyond a reasonable doubt that at some time after 10:30 A.M. on May 18, 1965,

(1) Nellie Mae Durham unlawfully touched Noah Durham in a rude, insolent or angry manner and
(2) that Nellie Mae Durham engaged in such unlawful conduct with intent to kill Noah Durham.

The record before us is replete with evidence that the appellant struck Noah Durham a blow to the head at some time *before* 10:30 A.M. on May 18, 1965. But that blow, as noted earlier, is not covered by the indictment.

On the other hand the testimony of Dr. Wiland, that Noah Durham's fatal injury could only have resulted from a severe blow of considerable force in the abdominal area at a time much later than 10:30 A.M. on May 18, did nothing more than raise the possibility that Noah Durham suffered the injury at the hands of his wife. And even though there is no other evidence in the entire record which even tends to establish that appellant struck such a blow, the jury returned its verdict of guilty of assault and battery with intent to kill.

It is not enough if the evidence adduced by the State merely *tends* to support a verdict of guilty. The evidence must be so substantial that it wholly supports a reasonable conclusion of guilt, under the tests cited above. *Easton* v. *State, supra.*

Moreover, the proof of a mere opportunity to commit the crime, without more, is not sufficient to sustain a ■ conviction. *Osbon* v. *State* (1938), 213 Ind. 413, 13 N. E. 2d 223.

In this case, the first element of assault and battery with intent to kill, the unlawful touching, is not supported by substantial evidence of probative value. The evidence here establishes no more than a mere suspicion that appellant struck the blow she is charged with, or that she had an opportunity to do so.

A verdict based merely upon suspicion, opportunity, probability, conjecture, speculation or unreasonable inferences of guilt gleaned from the vague evidence surrounding the ■ cause of Noah Durham's death cannot be upheld and must be reversed. *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874.

In summation, viewing the indictment along with the evidence in this case, it is readily apparent that the State has failed to prove the appellant guilty of assault and bat- ■ tery with intent to kill, since there is no proof that any such offense was committed by appellant after 10:30 A.M. on May 18, 1965.

Judgment reversed.

Lewis, C. J., Arterburn and Jackson, JJ., concur. Mote, J., not participating.

Note.—Reported in 238 N. E. 2d 9.