TURNER *v.* STATE OF INDIANA.

[No. 1069S234. Filed December 23, 1970. Rehearing denied March 3, 1971.]

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged by indictment with the crime of conspiracy to commit a felony, to-wit: Second degree burglary. Appellant was tried by the court without a jury. Appellant was found guilty as charged and sentenced to the Indiana State Reformatory for a period of two to fourteen years.

The facts in this case are as follows:

On December 27, 1968, at 9:30 P.M. Indianapolis Police Officer Roger Bair received radio communication directing him to the Dixon Vending Company at 602 East New York Street, Indianapolis, Indiana. At the same time Wayne Meyer, a representative of the American District Telephone Company, was sent to the same address by his company where an alarm signaling a breaking into the building had been received.

When Officer Bair and Mr. Meyer arrived at the scene they heard the sound of pounding on brick at the rear of the building. Each man went in an opposite direction around the building to converge upon the area from whence the sound

was coming. As Mr. Meyer rounded the corner of the building he saw Walter Turner on the roof of a small garage immediately adjacent to the Dixon Vending Company. Joseph Turner and Orville Hall were on the ground next to the Dixon Vending Company building. As Officer Bair and Mr. Meyer appeared, the three men started to run; however, they each stopped upon the order of Officer Bair.

The officer found that a brick had been removed from the side of the building. He also found a hammer and a rubber mallet laying on the ground at the scene.

This Court has repeatedly held that flight of an accused or other related conduct calculated to hide a crime or escape from the scene of a crime is admissible as evidence of guilt. It is for the trier of fact to determine what weight and value should be given to such evidence. *Reno* v. *State* (1967), 248 Ind. 334, 228 N. E. 2d 14, 11 Ind. Dec. 43. This Court will not weigh the evidence. *Smith* v. *State* (1969), 252 Ind. 425, 249 N. E. 2d 493, 18 Ind. Dec. 189.

Conspiracy cannot be established by mere suspicion nor is it established by mere showing of relationship or association between the parties. However, in the case at bar the facts justify a finding which goes beyond a mere suspicion or association. Walter Turner was on the roof of a nearby garage. Orville Hall and Joseph Turner were on the ground at a place where a brick had been knocked from the side of the building. A hammer and rubber mallet were laying on the ground. The trier of fact had ample evidence from which it could be inferred that Walter Turner was a lookout and that the other two men were attempting to effect entry into the building. This Court has previously said:

". . . It is not necessary that the evidence show a formal agreement to form a conspiracy, nor that the object of the conspiracy be actually committed. . . .

"Participation in criminal conspiracy need not be proved by direct evidence but common purpose and plan may be inferred from development and collocation of circum-

stances." *Taylor, Bryant* v. *State* (1956), 235 Ind. 126, 131, 131 N. E. 2d 297.

The facts in the case at bar support the finding of the trial court that the defendant was in fact guilty of conspiring with others to effect burglary.

The trial court is, therefore, affirmed.

Hunter, C.J., and Arterburn, J., concur; Jackson, J., dissents with opinion in which DeBruler, J., concurs.

DISSENTING OPINION

JACKSON, J.—I am unable to concur in the majority opinion and dissent thereto.

Appellant was charged by indictment with the crime of Conspiracy to Commit a Felony, to-wit: Second Degree Burglary, said indictment reading in pertinent part as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that WALTER TURNER: JOSEPH C. TURNER: ORVILLE C. HALL on or about the 27th day of DECEMBER, A.D. 1968, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other for the object and purpose of unlawfully, feloniously and burglariously breaking and entering into the building and structure of WILLIAM DIXON d/b/a DIXON VENDING CO. at 602 East New York Street, City of Indianapolis, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent the (sic) commit a felony therein, to-wit: to knowingly, unlawfully and feloniously obtain and exert unauthorized control over property of WILLIAM DIXON d/b/a DIXON VENDING CO., intending to deprive said WILLIAM DIXON d/b/a DIXON VENDING CO., permanently of the use and benefit of said property, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On April 30, 1969, appellant waived arraignment and entered a plea of not guilty to the crime as charged. On June

27, 1969, appellant filed a Waiver of Jury Trial, and this cause was immediately thereafter tried to the court without the intervention of a jury. On the same day, and after all of the evidence in this cause was heard, the court found appellant guilty as charged. On July 10, 1969, the court sentenced appellant to the Indiana State Reformatory for a period of Two (2) to Fourteen (14) years.

Appellant filed his Belated Motion For New Trial on December 16, 1969. Said motion attacked the finding of the court as not sustained by sufficient evidence and contrary to law; it also alleged that the court erred in overruling appellant's motions for discharge at the close of the State's evidence and at the close of all the evidence. Said Belated Motion For New Trial was overruled by the court on December 19, 1969.

Appellant's sole Assignment of Error on appeal is that: "1. The court erred in overruling appellant's motion for a new trial."

From the evidence adduced at the trial of this cause, viewed most favorably to the State, it appears that at 9:39 p.m. on December 27, 1968, Officer Roger Bair of the Indianapolis Police Department was ordered to proceed to the Dixon Vending Company, located at 602 East New York Street, City of Indianapolis, in response to an alarm. Upon his arrival, Officer Bair observed three men standing near the east side of the building, one on the roof of an adjacent garage and two on the ground. As he approached the point where the men were standing, they began to run, but were immediately apprehended by Officer Bair and Wayne S. Meyers, an employee of American District Telegraph Company who also answered the alarm. After Officer Bair placed the three men in his squad car, he returned to where he had first observed the two men standing on the ground. At that point he found a rubber mallet and a hammer. Upon further investigation, Officer Bair found that a brick had been knocked loose from the building and was laying on the ground.

Officer Bair and Mr. Meyers positively identified the appellant as one of the three men apprehended in the vicinity of the Dixon Vending Company on the date in question. However, neither Officer Bair nor Mr. Meyers could testify as to whether or not the hammer and/or mallet was ever in the possession or under the direct control of the appellant. They did testify that at no time did they overhear any conversation between the individuals involved.

Appellant contends that the evidence, as presented to the trial court, was grossly inadequate and insufficient to sustain his conviction. In *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641, this Court stated:

"In considering the standard by which we review the evidence where it is challenged as being insufficient to sustain a verdict or finding, this court has often said there must be substantial evidence of probative value before we can decide an accused has been proved guilty beyond a reasonable doubt. 'This last rule places the evidence before the court on appeal, not for the purpose of weighing it, or for the purpose of determining the facts when there is actual conflict, but for the purpose of deciding, as a question of law, whether or not there is substantive evidence in support of the required material facts essential to a conviction. It is not enough to sustain a conviction that the evidence, when given full faith and credit, may warrant a suspicion or amount to a scintilla * * *.' "

Therefore, it was incumbent upon the State in the case at bar to prove beyond a reasonable doubt that the appellant did, in fact, "* * * knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other for the object and purpose of unlawfully, feloniously and burglariously breaking and entering into the building and structure of WILLIAM DIXON d/b/a DIXON VENDING CO. * * * with the intent (to) commit a felony therein * * *." as charged in the indictment.

The statute under which the appellant was charged is found in Acts of 1905, Ch. 169, § 641, p. 584, being Burns Ann. Stat. § 10-1101, which reads as follows:

"Conspiracy to commit felony—Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this State; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than twenty-five dollars ($25.00) nor more than five thousand dollars ($5,000), and imprisoned in the state prison not less than two (2) years nor more than fourteen (14) years."

In *DeVault* v. *State* (1970), 254 Ind. 546, 261 N. E. 2d 232, this Court stated that:

"* * * the essentials necessary to constitute a conspiracy under the statute are well established and are stated as follows:

'In order to be a conspiracy there must be an intelligent and deliberate agreement to commit the offense charged. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to do the acts and commit the offense, though the agreement is not manifest by any formal words. Concurrence of sentiment and cooperative conduct in an unlawful and criminal enterprise are the essential ingredients of criminal conspiracy. There must be an agreement and there must be evidence to prove the agreement directly or such a state of facts that any agreement may be legally inferred. *Conspiracies cannot be established by a mere suspicion. Evidence of mere relationship or association between the parties does not show a conspiracy.* Coughlin v. State (1950), 228 Ind. 393, 92 N. E. 2d 718, 719; Robertson v. State (1952), 231 Ind. 368, 370, 108 N. E. 2d 711, 712; Mattingly v. State (1957), 237 Ind. 326, 338, 145 N. E. 2d 650, 656." (Emphasis supplied)

In the case at bar there was absolutely no evidence whatever to prove that the appellant did, in fact, conspire to commit the crime of Second Degree Burglary. Such evidence as was presented, at most, merely placed him on or near the premises of the Dixon Vending Company sometime after an alarm had sounded therein. The testimony of Officer Roger Bair is significant:

"Q. Now, Officer, on said date and time * * * did you hear any of these defendants combine, conspire, confederate or agree to break and enter the Dixon place, doing business as Dixon Vending Company?

A. * * * no, I did not hear them.

Q. I see, and did you hear them combine or see them combine or hear them conspire to enter said place?

A. No, I didn't actually see them going into the place.

Q. I see. And you did not see them trying to break or enter said building on said day and time, is that correct?

A. No sir. As I previously testified * * *."

(Tr. p. 71)

"Q. I see. Now you testified, sir, on direct examination you noticed one brick loose, did you see any of these defendants touch in any way, shape, or form that brick?

A. No, sir, I did not.

Q. I see. Did you see any of these defendants that particular date and time use either one of those, that hammer and that mallet, in any way, shape, or form?

A. No, sir."

(Tr. p. 72)

In short, there was a total absence of proof of "an intelligent and deliberate agreement to commit the offense charged." *DeVault* v. *State, supra.* Neither Officer Bair nor Mr. Meyers could testify as to any communication having taken place between the appellant and any other individual involved. Also, there was absolutely no proof of a "concurrence of sentiment and cooperative conduct in an unlawful and criminal enterprise," *DeVault* v. *State, supra,* for there was no evidence presented that the appellant or anyone else had possession of or control over the alleged instrumentalities of the crime (the hammer and mallet), no evidence that he ever broke or entered the building, and, therefore, no substantial evidence of an existing criminal intent to commit a felony therein. This Court has stated on numerous occasions that the mere

opportunity to commit a crime is insufficient to sustain a conviction. *Baker* v. *State, supra; Myers* v. *State* (1954), 233 Ind. 66, 116 N. E. 2d 839; *Osbon* v. *State* (1938), 213 Ind. 413, 13 N. E. 2d 223.

The only evidence presented by the State to prove the charge against the appellant was that he ran upon observing Officer Bair approaching his position. While it is true that such evidence of attempted flight is competent, admissible, and a matter for the consideration of the trier of fact, *Meredith* v. *State* (1966), 247 Ind. 233, 214 N. E. 2d 385; *Wilson* v. *State* (1944), 222 Ind. 63, 51 N. E. 2d 848; *State* v. *Torphy* (1940), 217 Ind. 383, 28 N. E. 2d 70; it does not follow that said evidence, by itself, is sufficient to sustain a conviction upon a charge of conspiracy to commit a felony.

The evidence in the case at bar establishes, at most, a mere suspicion of guilt. I reiterate here the long-standing rule of this Court that conspiracies cannot be established by a mere suspicion. *DeVault* v. *State, supra; Mattingly* v. *State* (1957), 237 Ind. 326, 145 N. E. 2d 650; *Coughlin* v. *State* (1950), 228 Ind. 393, 92 N. E. 2d 718.

The judgment of the trial court should be reversed and this cause should be remanded with instructions to grant appellant's motion for new trial.

DeBruler, J., concurs.

NOTE.—Reported in 265 N. E. 2d 11.