DANNIE WAYNE SHELTON v. STATE OF INDIANA.

[No. 1071S302. Filed December 14, 1972.]

*Stephen C. Hass,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Dannie Wayne Shelton, appellant (defendant below) from a conviction in the Vanderburgh Circuit Court for conspiracy to commit a felony—theft.

The defendant was charged by affidavit on March 15, 1971. He was tried by jury which returned a verdict of guilty on May 27, 1971. A motion to correct errors was filed and overruled, resulting in the present appeal. The case was appealed directly to this Court because it was a criminal appeal filed prior to January 1, 1972, the effective date of the new judicial article.

The appellant presents four allegations of error for this Court's consideration. They are as follows:

(1) The trial court erred in overruling the defendant's motion to strike the State's answer to defendant's notice of intention to prove alibi;

(2) The trial court erred in overruling the defendant's objection to evidence of an alleged conspiracy prior to the date shown in the affidavit;

(3) There was insufficient evidence to support the defendant's conviction;

(4) The trial court erred in overruling the defendant's motion to quash the arrest warrant.

With respect to his first allegation of error, the appellant argues that the State's answer was filed in contravention of IC 1971, 35-5-1-2 and 35-5-1-3 (Ind. Ann. Stat. §§ 9-1632—1633, [1956 Repl.]) which provides for an answer "not later than eight [8] days before the trial" if requested by the defendant in his notice of alibi. The defendant argues that since the State filed its answer on May 24, 1971, two days before the trial, it breached its statutory duty, and hence, the appellant's motion should have been granted.

Appellant's argument suffers from a fatal flaw. IC 1971, 35-5-1-1 (Ind. Ann. Stat. § 9-1631 [1956 Repl.]) provides that notice of alibi must be given "*not less* than ten [10] days before the trial" unless the court sets the trial date "less than fourteen [14] days ahead". The defense filed its notice on the 19th of May, 1971—seven [7] days prior to the trial. On the 7th of May, trial was set for May 26, nineteen days ahead.

It becomes clear, therefore, that the defendant failed to file his notice in a timely fashion as prescribed by statute.

Appellant further contends that the State's answer does not set out with any *specificity* the time of the alleged occurrence and that therefore, the appellant could not file a statutorily permitted reply to the answer for it would be impossible to recite where the defendant was "during Jan., 1971."

We recognize the State's obligations with respect to the timely filing of a "specific statement in regard to the exact date which the prosecution proposes to present at the trial as the date when, and the exact place where" the alleged act was committed. IC 1971, 35-5-1-2. However, the appellant's obvious failure to comply with the alibi notice requirements of IC 1971, 35-5-1-1 forecloses his assertion of rights created by IC 1971, 35-5-1-2. That is to say, IC 1971, 35-5-1-1 is the mechanism which triggers the invocation of IC 1971, 35-5-1-2.

In support of his position appellant cites the following interpretation of the Indiana Alibi statute:

> "The alibi statute, which is of material assistance in enabling the State to detect and disprove a fraudulent alibi, puts duties upon the State as well as the defendant. The defense of alibi is a legitimate defense, and *if the accused takes the proper steps pursuant to the statute*, the State must be required to discharge its duties, unless good cause be shown for failure so to do. For this error the cause must be reversed." (our emphasis) *Pearman* v. *State* (1953), 233 Ind. 111, 119, 117 N. E. 2d 362, 366.

Ironically, the very language that the appellant relies on works to illuminate the inherent weakness of his argument. *Pearman* explicitly establishes the proposition that adherence to the requirements of IC 1971, 35-5-1-1 is a *condition precedent* to the operation of the rights and duties created by IC 1971, 35-5-1-2.

IC 1971, 35-5-1-3 provides in part as follows:

"At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein, the court shall, *in the absence of a showing of good cause* for such failure by the defendant, exclude *evidence* offered by the defendant to establish an alibi." (our emphasis)

The appellant fails to allege any attempt at trial to show good cause for his failure to file in a timely fashion. Therefore, the trial court might have properly excluded all alibi evidence presented by the appellant. See *Lamar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98. Obviously, the appellant received benefits not contemplated by the statute and hence should be grateful rather than contentious.

The appellant's second allegation of error—namely, that the trial court should have sustained his objection to evidence of an alleged conspiracy prior to the date shown in the affidavit —is also without merit.

Appellant concedes that where time is not of the essence of the offense the State is not confined to proving the commission on the date alleged in the affidavit, but may prove the commission at any time within the statutory period of limitations. He maintains, however, that this rule yields to limitations imposed by the alibi statute when it is invoked as it was in this case. Appellant alleges that the State had a duty to specify the *exact date* of the conspiracy in its answer to the appellant's notice of alibi and by failing to meet this obligation (and by failing to timely file an answer as discussed hereinbefore) the appellant was harmed and prejudiced.

Once again the appellant seeks protection under IC 1971, 35-5-1-2 without first complying with IC 1971, 35-5-1-1. Appellant contends—and rightly so—that the aforementioned "time is not of the essence rule" arises when the alibi statute is *invoked*. See *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546. However, we construe invoked to mean *cor-*

*rectly invoked*—either in accordance with express terms of the statute or by special dispensation of the trial court—which of course, the appellant failed to do. Moreover, the case upon which appellant relies (*Stallings* v. *State* (1953), 232 Ind. 646, 114 N. E. 2d 771) specifically requires that the defendant show he "might be harmed unless permitted time to meet the charge as changed" and that therefore, a continuance is required. There is no allegation of such a showing in appellant's brief.

Finally, it is important to note that the State *never*—neither in the affidavit, nor in the answer to appellant's notice of alibi, nor at trial—changed its allegation as to the date of the consummation of the conspiracy, i.e. the date of the car's destruction. The appellant was on notice of that date (February 9) from the outset and was given an adequate opportunity to file an alibi statement. We believe the State fulfilled its obligation of notice by maintaining a constant adherence to its original allegation.

> *"Time and place.* While it has been held that it is not necessary to allege in the indictment any exact time of the commission of the overt acts, the indictment should allege the time and place of the act done to effect the object of the conspiracy so as to identify it and show that it postdated the conspiracy and was not merely a part of it." 15A C.J.S., 877.

We now come to the sufficiency of evidence question raised by the appellant.

Appellant contends that the evidence was insufficient to prove the existence of a conspiracy beyond a reasonable doubt. His specific arguments in support of insufficiency are as follows:

(1) The State did not prove that there was an agreement to commit the offense charged—theft. The State failed to establish "an intelligent and deliberate agreement" between the appellant and at least one other person to exercise control

by deception over the property of American Standard Insurance Co. of Wisconsin;

(2) Conspiracy requires that at least one other person know against whom the crime was to be committed, and that the other person must be a co-conspirator;

(3) Proof of mere relationship is insufficient to establish a conspiracy; proof of circumstancial evidence in support of some inference that there was a conspiracy to commit theft by deception is insufficient.

(4) Proof of a conspiracy must come from a source other than the declarations of an alleged co-conspirator.

Appellant further argues that since an alleged co-conspirator (the State's key witness) was in no way charged with complicity in the crime, the appellant should not have been convicted of the conspiracy due to "patent inconsistencies" on the record.

When reviewing an appeal on sufficiency of the evidence, first, it must be remembered that this Court will not weigh the evidence nor determine the credibility of the witnesses. Only that evidence most favorable to the State and the reasonable inferences to be drawn therefrom will be considered. As long as there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Jackson* v. *State* (1971), 257 Ind. 477, 275 N. E. 2d 538.

An examination of the evidence most favorable to the State reveals a chain of events and conversations taking place over approximately a two-month period. The State's key witness—a friend of the appellant and an alleged co-conspirator—testified that the appellant expressed an intention to "get rid of" his automobile during the first week of January, 1971, in the presence of the witness and two other alleged co-conspirators. The witness testified that the two alleged co-conspirators asked "when do you want it done?"

and the appellant replied "as soon as possible." The appellant further stated that he had full insurance coverage and that he "didn't want it back." On February 9, 1971, the witness and appellant were watching television in the former's home when the other two alleged conspirators appeared at the door, telling appellant, "we come to do you in!" Both the appellant and witness, surprised, replied "tonight?" The four then proceeded outside where the appellant opened the trunk of his car and removed all his tools and other belongings. Appellant handed his key to one of the alleged conspirators, saying he didn't want the car back but would require the key to collect insurance. One of the alleged co-conspirators told the appellant he would be finished with the key in about an hour and a half at which time appellant could pick them up at a designated place near a garage. Appellant and the witness re-entered the house, watched television for a while and then went to the designated garage where they met the alleged co-conspirators. Appellant asked how long they would be and one of them replied "We're going after some tools now." The appellant and witness then returned to the witness' home.

The next morning, upon awakening, the appellant and witness drove to the residence of one of the alleged conspirators. The appellant went to the door alone and when he returned he told the witness "I've got it." The appellant also told the witness that the alleged conspirator told him where to find the car. The two then drove to the specified location where they saw the appellant's car. The car had been badly damaged. They returned to appellant's sister's home where the appellant phoned the police to report the theft of his car. In addition to the witness' testimony, there was evidence as to the police report, photographs showing the condition of the car, the filing of an insurance claim, and the receipt by the appellant of a $500.00 insurance payment.

We believe the State *did* produce substantial evidence of probative value sufficient to establish beyond a reasonable

doubt every material elements of conspiracy. The Indiana conspiracy to commit a felony statute IC 1971, 35-1-111-1 (Ind. Ann. Stat. § 10-1101 [1956 Repl.]) requires the uniting or combining with any person or persons for the purpose of committing a felony. The gist of such a conspiracy is the conscious coming together of minds for the purpose of committing a felony.

> "In order to be a conspiracy there must be an intelligent and deliberate agreement to commit the offense charged. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to do the acts and commit the offense, though the agreement is not manifest by any formal words. Concurrence of sentiment and cooperative conduct in the unlawful and criminal enterprise are the essential elements of criminal conspiracy . . ." *Coughlin* v. *State* (1950), 228 Ind. 393, 92 N. E. 2d 718.

See also *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711; *Mattingly* v. *State* (1957), 237 Ind. 326, 145 N. E. 2d 650; 2d *Ewbanks Indiana Criminal Law* 509; 15A C.J.S. 726.

The existence of the alleged agreement may be proved by direct evidence or may *reasonably* by inferred from the facts presented. *Coughlin, supra; Mattingly, supra; Robertson, supra; (see also), Taylor* v. *State* (1956), 235 Ind. 126, 131 N. E. 2d 297. From the facts presented by the State's witness and the supplementary evidence regarding the destruction of the car and filing of the claim and the issuance of the $500.00 payment, a reasonable inference could be drawn as to the existence and execution of a conspiratorial agreement. We must reiterate that our function in reviewing sufficiency of the evidence is *not* to weigh evidence but to determine whether each element of the offense has been sufficiently substantiated by fact or by reasonable inferences to be drawn therefrom.

Appellant's contention that since the two other alleged co-conspirators did not know the *exact name* of the insurance

company, there could be no conspiracy is totally without merit. There is sufficient evidence—albeit inferential—that the two co-conspirators knew the car was being destroyed for purposes of defrauding *an* insurance company. Proof of an agreement among the parties to commit *a felony* satisfies our statutory requirements and the act of defrauding an insurance company in the aforementioned manner constitutes the felony of theft in Indiana. (IC 1971, 35-17-5-3) (Ind. Ann. Stat. § 10-3030 [1972 Supp.]).

"A person commits theft when he (1) knowingly: (a) obtains or exerts unauthorized control over property of the owner; or (b) obtains by *deception* control over property of the owner. . . ." (our emphasis)

Appellant properly argues that proof of mere relationship or a suspicion of guilt is insufficient to establish a conspiracy. However, we believe that a reasonable juror could conclude beyond a reasonable doubt that a conspiratorial agreement was entered into and a felony committed pursuant to that agreement.

Appellant's assertion that a conspiracy cannot be proved solely on the basis of a co-conspirator's declarations finds support in our case law. See *Patton* v. *State* (1960), 241 Ind. 645, 175 N. E. 2d 11; *Dye* v. *State* (1891), 130 Ind. 87, 29 N. E. 771. However, this contention presumes that the State's witness was a *co-conspirator*. We are unable to sustain that presumption after a close examination of the record.

We have established the necessity of proving an agreement among the conspirators to commit a felony. We concede that the agreement need not be manifested "by any formal words" (*Coughlin, supra*) but there must be an "intelligent and deliberate agreement to do the acts and commit the offense." (*Coughlin, supra*). The agreement may be proved by direct evidence or by reasonable inference. It is obvious from the evidence that the witness did in fact have *knowledge* of the

conversations and acts. However having mere *knowledge* of a conspiracy and being associated with the conspirators is not, by any stretch of the imagination, tantamount to an "intelligent and deliberate agreement to do the acts and commit the offense." The record discloses no such agreement as between the witness and the other alleged conspirators. Furthermore there are no facts from which a reasonable man might infer the existence of such an agreement. For these reasons, we conclude, (on the facts presented) that the State's witness was *not* a co-conspirator.

Finally, our finding that the State's witness was not a conspirator disposes of appellant's argument that a conviction of a conspirator will not stand if his co-conspirators have been acquitted or "granted circumstances tantamount to acquittal." This assertion also suffers from other fatal infirmities which this Court need not entertain.

The appellant alleges that the trial court erred in overruling the appellant's motion to quash the arrest warrant.

This Court has consistently held that the legality of an arrest has no relevancy on appeal when there is no issue as to the admissibility of any evidence obtained pursuant to the arrest or a search following the arrest. *Farmer* v. *State* (1971), 257 Ind. 511, 275 N. E. 2d 783; *Wells* v. *State* (1971), 256 Ind. 161, 267 N. E. 2d 371; *Dickens* v. *State* (1970), 254 Ind. 388, 260 N. E. 2d 578; *Layton* v. *State* (1968), 251 Ind. 205, 240 N. E. 2d 489. In this appeal, there is no showing of any evidence obtained as a result of the arrest or a search thereafter.

For all the foregoing reasons judgment of the trial court is hereby affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported ien 290 N. E. 2d 47.