Haywood DeLaney *v.* The State.*

(*Jackson*, April Term, 1932.)

Opinion filed June 18, 1932.

---

*On conspiracy as joint offence requiring two persons, see annotation in 12 L. R. A., 193; 5 R. C. L., 1061; R. C. L. Perm. Supp., p. 1576; R. C. L. Pocket Part, title Conspiracy, section 1.

As to effect of acquittal of alleged conspirator, see annotation in 72 A. L. R., 1187, 1188; 5 R. C. L., 1079; R. C. L. Perm. Supp., p. 1581.

JOHN F. HALL and RALPH DAVIS, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff in error, Haywood DeLaney, has appealed from a judgment rendered by the Circuit Court of Madison County, having criminal jurisdiction, upon an indictment which charged that he and one James Donovan did, on a certain day in November, 1931, "unlawfully and feloniously enter into and form a conspiracy" to commit the offense of murder in the first degree by taking the life of Clyde Little.

The indictment charges the offense defined by Acts 1897, chapter 52, brought into the Code of 1932 as section 11068. By that statute it is made a felony "for two or more persons to enter into or form any conspiracy or combination . . . to take human life," etc.

The language of this statute follows the common-law definition of a conspiracy. "Criminal conspiracy consists in 'an unlawful combination of two or more persons to do that which is contrary to law,'" etc. Russell, Law of Crimes (7th Eng. Ed.), page 146.

434

On the trial of the case the State announced that it would proceed only against DeLaney, making no announcement of its future course as against Donovan. Donovan was used as a witness for the State, and testified that he was approached by DeLaney to agree, for a consideration, to take the life of Clyde Little, against whom DeLaney represented himself as having a grudge or grievance on account of several matters. Donovan testified that he assented to this proposition, and proceeded to enter into DeLaney's plan for the consummation of the murder. But Donovan testified that such a crime was foreign to his nature and disposition, and that he at no time intended to commit the murder or to harm Little. The substance of his testimony was that his assent to DeLaney's proposition was wholly feigned. He voluntarily disclosed the matter to peace officers, stating to them that he thought they should look into the matter, and in that way Donovan himself brought about the arrest and prosecution of DeLaney.

Donovan having been offered to the court as a witness for the State, no effort was made to impeach or discredit his own disclaimer of criminal intent, and it is stated as a fact on the brief of the State in this court that Donovan entered into the agreement with DeLaney "without any idea whatever of carrying out such plan but, on the contrary, at no time intended to consummate the conspiracy but entered into it with plaintiff in error for the purpose of informing the officers of the existence of such conspiracy."

It is contended for the plaintiff in error that the testimony of Donovan, the truth of which is thus admitted by the State, establishes no conspiracy, but shows that

no agreement or combination to take the life of Little was entered into or formed.

We have examined many authorities, without finding one which, on principle or by analogy, can be cited as sustaining this conviction. The State cites none.

■ The essence of the offense defined by the statute is a combination of two or more persons, and it would be a contradiction of the very terms of the statutory definition to hold that one person may alone commit the offense. The guilty participation of more than one is obviously necessary. ''The term 'conspiracy,' and likewise the terms 'combination' and 'confederacy,' imply the necessity for at least as many as two persons to constitute the offense. This implication is in no sense misleading, as the authorities concur that conspiracy is a joint offense and cannot be committed by one alone.'' 6 Am. & Eng. Ency. of Law (2 Ed.), 846.

The case of *State* v. *Tom,* 13 N. C. (2 Dev.), 569, is cited as authority for the text quoted, and is also cited in many other texts dealing with the law of criminal conspiracy. The opinion refers to conspiracy as a crime requiring the guilty cooperation of two at least to constitute it, in which there is a mutual dependence of the guilt of each upon that of the other. We quote further from this opinion: ''Now conspirators may be said to be co-principals. The guilt of both must concur, to constitute that of either; and it must consist of a joint act, and it makes one crime in both.''

The indictment in the case cited charged that the defendant, Tom, and one other had conspired together to do an unlawful act. The coconspirator was tried separately and acquitted. On the trial of Tom the record of the acquittal of his coconspirator was offered, and it

was ruled that there could be no conviction. The court said: "And if it appear in the record, in any manner, that two did not participate in the unlawful intent, all are discharged; because neither is guilty of that offense. The only departure from this has been, in passing sentence on one, before the other was convicted. But one has never been convicted, after all the others charged were acquitted; and we think cannot be."

In *State* v. *Jackson,* 7 S. C., 283, 24 Am. Rep., 476, the court said: "The term 'conspiracy,' according to the books, implies a combination between two or more to do either an unlawful act or to accomplish by unlawful means a legal end. The concurring will of at least two persons is as necessary to the offense as that of three to the constitution of a riot." In that case only two were charged with the conspiracy, and after both had pleaded not guilty and had been placed in jeopardy, a *nolle prosequi* was entered as to one. This action of the State was held to require the acquittal of the other defendant. The effect of the action of the State was, the court said, to "destroy the averment of the 'common design,' which Mr. Russell says, is 'the root of the charge.' "

It seems to have been an unbroken rule at common law, with cases on the point dating as early as A. D. 1410, that when only two are charged with a conspiracy, and one of them is acquitted, the conviction of the other is void. We have found no dissent from this proposition. 5 Ruling Case Law 1079 (Conspiracy, section 23); *Rex* v. *Plummer,* 2 King's Bench, 339, 4 British Ruling Cases, 917; *State* v. *Jackson,* 7 S. C., 283, 24 Am. Rep., 476; Russell on Crimes (7 Eng. Ed.), pp. 146 *et seq.*

This proposition was recognized by this Court in *Standard Oil Co.* v. *State,* 117 Tenn., 618, 663, 100 S. W.,

705, 10 L. R. A. (N. S.), 1015, holding that a person, indicted as a coconspirator and acquitted by verdict on the joint trial, could not be considered as a party to an unlawful combination, in determining on appeal whether the requisite number of persons participated therein.

*Woodworth* v. *State,* 20 Tex. Cr. App., 375, was a case in which the plaintiff in error was charged with conspiracy, the evidence tending to show that the conspiracy was formed only by plaintiff in error and Hunt. But Hunt testified for the State, as in the case now before us, that his assent was feigned and not real, and that he at no time intended to assist in the unlawful enterprise. It was ruled that no criminal conspiracy was shown, because there was no "concurrence of purpose, intention and determination, as the law contemplates in defining a conspiracy." The court said: "Hunt at no time intended to commit, or to assist in the commission of, the burglary. His assent that it should be committed was feigned, not real. If it was in the mind of the defendant to commit the burglary, Hunt was not of the same mind, for he did not intend to commit it or aid in its commission, but on the contrary he intended to prevent its commission. There was in fact no agreement on his part to engage in the commission of the burglary. There was in fact no union or concert of his will with that of the defendant, and such union or concert of wills must exist to constitute conspiracy. (2 Bish. Cr. Law, Sec. 190.) A conspiracy cannot be committed by one person alone. (Id., Sec. 187.)

"This being our view of the law, we hold that the evidence fails to prove a conspiracy, and the conviction is therefore set aside, and the cause is remanded."

This holding was followed by the Court of Criminal Appeals of Texas in the more recent case of *Odneal* v. *State,* 34 S. W. (2d), 595.

*State* v. *Buchanan,* 5 Har. & J. (Maryland, 1821), 9 Am. Dec., 534, is a leading case on the common-law offense of conspiracy, containing an invaluable statement of the history of its judicial treatment. The opinion states: "There is nothing in the objection that to punish a conspiracy where the end is not accomplished, would be to punish a mere unexecuted intention. It is not the bare intention that the law punishes, but the act of conspiring, which is made a substantive offense."

The holding of the Texas court in *Woodworth* v. *State, supra,* is well supported on principle by the other authorities cited. There can be no criminal combination or conspiracy unless at least two persons guiltily unite or agree in the purpose to pursue the unlawful enterprise; and if one of the two only feigns acquiescence in the proposal of the other, without criminal intent, there is no such agreement or concurrence in fact, and no conspiracy. This is the basis of the rule that, when it is charged that only two conspired, the acquittal of one destroys the charge as to the other. It is because the acquittal is a judicial finding, binding upon the State, that such person did not guiltily conspire, that the other may not thereafter be convicted. And when the State, refusing to place the only alleged coconspirator on trial, offers evidence establishing his innocence of any intention or purpose to enter into a conspiracy with the accused, it thereby proves affirmatively that there was no combination or conspiracy formed and that the statute was not violated.

The brief filed by the State cites the text of Corpus Juris, vol. 12, p. 579: ''The fact that a person, after entering into an agreement with another to commit a crime, withdraws from the agreement, does not for obvious reasons prevent his conviction for the conspiracy.'' We think this rule of law has no application to the facts of the case before us, since it presupposes an actual agreement or conspiracy, the existence of which the proof here denies without controversy. There could have been no withdrawal by Donovan, for he had not in fact agreed to or entered into a combination with plaintiff in error.

The judgment will be reversed and the case remanded.