**Keith A. ARCHBOLD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–778A252.

Court of Appeals of Indiana, Second District.

Dec. 19, 1979.

Rehearing Denied Jan. 21, 1980.

Daniel K. Leininger, Parrish, Eggers, Larson & Burt, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Keith Archbold was tried and convicted by jury of Conspiracy to Commit a Felony. He argues the offense was not committed because the named coconspirator was an undercover law enforcement officer acting within the scope of his duties and feigning participation in the criminal enterprise. We agree, and reverse the trial court and order Archbold discharged.

The statute under which Archbold was indicted provides, in part:

Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony . . .. IC 35–1–111–1 (Burns Code Ed.1975).[1]

The issue is whether this statutory offense requires a criminal agreement necessitating a meeting of at least two culpable minds before the offense is committed or whether the offense is completed when a single individual with a culpable mind agrees with a second individual whose culpability of mind is not in issue.

This determination is critical because under the former, and traditional, definition of conspiracy, known as the bilateral concept, the cases hold a defendant cannot be convicted when the person or persons with whom he conspired only feigned his acquiescence in the "agreement." If the statutory offense adopts the Model Penal Code's unilateral concept which defines the offense in "terms of the conduct which suffices to establish the liability of any given actor, rather than the conduct of a group . ." a defendant can be convicted even though the alleged coconspirator's agreement was feigned.[2]

The Supreme Court in *Jorman v. State* (1928) 200 Ind. 388, 392, 163 N.E. 837, 838, recognized

(T)o constitute a conspiracy there must be a combination of two or more persons by some concerted action to accomplish some criminal or unlawful purpose . . .

Then, in *Johnson v. State* (1935) 208 Ind. 89, 95–96, 194 N.E. 619, 621, the Supreme Court said:

In order to be a conspiracy there must be an intelligent and deliberate agreement to do the acts and commit the offense charged. . . . In the case of *Eacock v. State* (1907), 169 Ind. 488, 502, 82 N.E. 1039, 1045, the court, in considering a charge of conspiracy, said:

It is sufficient if the minds of the parties meet understandingly so as to bring about an intelligent and deliberate agreement to do the acts and commit the offense charged, although such agreement be not manifest by any formal words. Concurrence of sentiment and co-operative conduct in an unlawful and criminal enterprise, and not formality of speech, are the essential ingredients of criminal conspiracy.

\* \* \* \* \* \*

There must be an agreement or joint assent of the minds of two or more before there can be a conspiracy.

*Similarly,* in *Lane v. State* (1972) 259 Ind. 468, 470, 288 N.E.2d 258, 259, the Supreme Court recognized a "material element of conspiracy is the unified or concerted action of two or more persons."

Finally, in *Shelton v. State* (1972) 259 Ind. 559, 567, 290 N.E.2d 47, 51, the Court summarized the Indiana courts' view of conspiracy:

The Indiana conspiracy to commit a felony statute IC 1971, 35–1–111–1 (Ind.Ann. Stat. § 10–1101 [1956 Repl.]) requires the uniting or combining with any person or persons for the purpose of committing a felony. *The gist of such a conspiracy is the conscious coming together of minds for the purpose of committing a felony.*

"In order to be a conspiracy there must be an intelligent and deliberate agreement to commit the offense charged. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to do the acts and commit the offense, though the agreement is not manifest by any formal words. Concurrence of sentiment and cooperative conduct in the unlawful and criminal enterprise are the essential elements of criminal conspiracy . . ." (*Coughlin v. State* [1950], 228 Ind. 393, 92 N.E.2d 718.)

(Emphasis added.)

1. Repealed effective October 1, 1977 by Acts 1976, P.L. 148, § 24.

2. *Garcia v. State* (1979), 394 N.E.2d 106, wherein our Supreme Court held the successor to the subject statute, IC 35–41–5–2 (Burns Code Ed. 1979), adopted the unilateral concept of the offense of Conspiracy.

Thus our Supreme Court has consistently held conspiracy, as defined in IC 35–1–111–1, requires the joining together of at least two persons for the purpose of committing the felony—i. e., both persons are required to have the criminal purpose (intent) when they unite or combine.

This is consistent with the purpose of criminalizing conspiracy. It ". . . is designed 'as a curb to the immoderate power to do mischief which is gained by a combination of the means.'" (Citations omitted.) 15A C.J.S. *Conspiracy* § 36, p. 729 (1967). Conspiracy as an offense recognizes increased public harm by group action. It seeks to strike at the special dangers incident to group activity.

▮ Therefore, conspiracy as traditionally defined and judicially interpreted requires an actual (subjective) intention in at least two persons because that is the prohibited harm. That being the case, whether the intended conduct ever results is immaterial. Thus, parties who conspire to commit the felony of burglary are not required to commit the burglary before the conspiracy is a consummated offense. Rather the moment there is an agreement, a meeting of the minds, to commit the burglary the conspiracy is consummated. Therefore, it is, of course, immaterial why the felony intended in the conspiracy is not accomplished. It is of no moment whether the co-conspirators have a faint heart, a flash of honor, are interrupted by detection or apprehension, or, indeed (as in the cases cited by the dissent) cannot fulfill their goal because it is factually impossible to achieve. Again, achievement of the goal (the intended felony) is not an element of conspiracy.

For this reason, impossibility in achieving the goal of the intended felony is distinguished from ". . . the impossibility . . . due to an unknown fact involving the 'co-conspirator' (e. g., no intent to consummate the offense) . .. .." (Dissenting Opinion, p. 1074) The offense of conspiracy does not occur, a crime is not committed, until two or more persons form the intent to commit a felony. *The joint intent is the proscribed conduct.*

Other states have followed this same rationale. *See,* for example, *Delaney v. State* (1932) 164 Tenn. 432, 51 S.W.2d 485; [3] *People v. Atley* (1974) 392 Mich. 298, 220 N.W.2d 465; [4] *King v. State* (1958) Fla., 104 So.2d 730.[5] *But see, State v. St. Christopher* (1975) 305 Minn. 226, 232 N.W.2d 798.[6]

Further support for this bilateral concept view of the subject statute is found in *Berry v. State* (1930) 202 Ind. 294, 165 N.E. 61, 173 N.E. 705, and *Copeland v. State* (1961) 242 Ind. 290, 176 N.E.2d 894, *reh. den.* 178 N.E.2d 463, which, albeit *in dicta,* echoed the position that an acquittal of the alleged coconspirator destroyed the charge as to the other. This rule is the logical extension of the proposition that one cannot conspire with another who only feigns acquiescence in the proposal because without the joint criminal intent there is no agreement and thus no conspiracy. *Delaney v. State* (1932) 164 Tenn. 432, 51 S.W.2d 485.

We reverse the trial court's judgment and order Archbold's acquittal and discharge.

SULLIVAN, J., concurs.

BUCHANAN, C. J., dissents with opinion.

---

3. The applicable statute states it is a felony "for two or more persons to enter into or form any conspiracy or combination . . . to take human life," etc. 1897 Tenn.Pub.Acts, Ch. 52, Sec. 1.

4. The applicable statute states, "any person who conspires together with one or more persons to commit an offense prohibited by law . . . is guilty of the crime of conspiracy . .. .." Mich.Comp.Laws Ann. § 750.157a (West 1968).

5. The applicable statute states "Whoever shall agree, conspire, combine or confederate with another person or persons to commit any offense commits the offense of criminal conspiracy . . .." Fla.Stat.Ann. § 777.04 (West 1976).

6. The applicable statute states, "Whoever conspires with another to commit a crime . .." Minn.Stat. § 609.175(2).

BUCHANAN, Chief Judge, dissenting.

I respectfully dissent.

In interpreting Ind.Code (1971) 35–1–111–1,[1] the majority has erroneously adopted the traditional bilateral concept of conspiracy, rejecting the better-reasoned unilateral concept. Adoption of the bilateral concept is not dictated either by the express words of the statute or by prior Indiana case law.

To recapitulate, the bilateral view of conspiracy requires two "conspirators," both with culpable intent. The unilateral view, however, focuses on the mental intent of each individual conspirator and allows a conviction even when the only "co-conspirator" was merely feigning acquiescence in the scheme (e. g. a police informant). *See Garcia v. State* (1979), Ind., 394 N.E.2d 106.

The basic premise of the bilateral concept is that a person cannot conspire with himself. As pointed out by *Fridman, Mens Rea in Conspiracy,* 19 Modern L.Rev. 276, 282 (1956), this begs the question. From one perspective, the defendant is alone in his intent to consummate the crime, but from another perspective, he is planning his criminal activity with an ally. It is a policy determination whether a person will be held criminally culpable in such a situation.

Fridman suggests, and I agree that:

The fact that, unknown to a man who wishes to enter a conspiracy to commit some criminal purpose, the other person has no intention of fulfilling that purpose ought to be irrelevant as long as the first man does intend to fulfil it if he can

. . . .

. . . [S]uch an approach is justified in that a man who believes he is conspiring to commit a crime and wishes to conspire to commit a crime has a guilty mind and has done all in his power to plot to commission of an unlawful purpose.

This view was adopted in *State v. St. Christopher* (1975), 305 Minn. 226, 232 N.W.2d 798, and should be adopted here.

This issue is but another aspect of factual impossibility problems in conspiracy prosecutions. Impossibility involves the existence of a fact, unknown to the conspirators, which makes it impossible for them to complete the intended crime. Impossibility does *not* generally exculpate the conspirators from criminal responsibility for their planning:

[W]hen the consequences sought by a defendant are forbidden by the law as criminal, it is no defense that the defendant could not succeed in reaching his goal because of circumstances unknown to him. (Footnote omitted).

37 A.L.R.3d 375, 387.

A defendant may be convicted of conspiracy to commit an illegal abortion, even though completion of the intended crime was impossible because the intended victim was not pregnant. *State v. Moretti* (1968), 52 N.J. 182, 244 A.2d 499, *cert. denied* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363. Similarly, a conviction for conspiracy to obtain money by forgery may stand despite undisputed evidence that consummation of the crime was impossible because the Treasury Department would not have paid out the money due to a defect in the document. *Beddow v. United States* (8th Cir. 1934) 70 F.2d 674. Likewise, a conviction for conspiracy to commit rape is proper even though the crime was impossible because the intended victim was dead. *United States v. Thomas* (1962) 13 U.S.C.M.A. 278. See also, 37 A.L.R.3d 375, 409–13.

Factual impossibility is no defense to the crime of conspiracy. I see no reason to deviate from this rule simply when the impossibility is due to an unknown fact involving the "co-conspirator" (e. g., no intent to consummate the offense) rather than the victim (e. g., non-pregnancy, death, payment procedures).

[T]he fact that one of them does not intend to carry out the plan, so that the

---

1. Repealed by Acts 1976, P.L. 148, § 24.

Our Supreme Court has already interpreted Indiana's new penal code provision on conspiracy (Ind.Code 35–41–5–2 (West 1978)) as

adopting the unilateral concept of conspiracy. But this issue had *not* been decided under prior Indiana conspiracy law, until this case.

purpose is incapable of fulfillment . . is surely irrelevant, as was the fact, in the case of the conspiracy to abort, that the woman was not pregnant, so that the earlier purpose there was incapable of fulfillment.

19 Modern L.Rev. at 283.

The majority opinion quotes several Indiana cases as supporting its bilateral conspiracy view. However, none of these cases involve the issue now before the court. As the Minnesota Supreme court noted in *State v. St. Christopher, supra,* many courts adopting the bilateral conspiracy concept "have reached their conclusion by using as a starting point the definition of conspiracy as an agreement between two or more persons, a definition which was framed in cases not involving [this] issue." 305 Minn. at 231, 232 N.W.2d at 801. I do not find these Indiana cases conclusive, or particularly helpful in determining this issue.

In the final analysis, we must turn to the wording of Ind.Code 35–1–111–1 to see if it demanded a unilateral or bilateral approach to conspiracy. The statute stated:

> Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony
> . . . .

Unlike the majority I do not find this language emphasizes an "agreement between two or more persons who, each with culpable minds, agree to commit a felony." Their interpretation requires reading into the statute *words which are not there.* My interpretation of the statute is that its plain and unambiguous language provides that in order to be convicted of conspiracy the defendant must have (1) united or combined with another person, and (2) the defendant's purpose in uniting or combining with that person must have been to commit a crime . . . and that is all. It did not require that the person with whom the defendant has combined or united must also have, as his purpose, the commission of a crime.

In conclusion, the policies behind the conspiracy laws are best served by the unilateral concept. More importantly, this unilateral view best represents the express language used by our former statute.

The conviction of the defendant should be affirmed.

I dissent.