**Roy RICHARDSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee at Nashville.

March 7, 1984.

Permission to Appeal Denied by Supreme Court June 4, 1984.

Charles W. Wade, Lewisburg, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. State Atty. Gen., Nashville, James S. Kidd, Dist. Atty. Gen., Fayetteville, Charles Lee, Asst. Dist. Atty. Gen., Lewisburg, for appellee.

OPINION

BYERS, Judge.

The petitioner appeals from the dismissal of his post-conviction petition after an evidentiary hearing. The petitioner sought to

have set aside his plea of guilty to a charge of conspiracy to commit a felony on the person of another, on which he received a twelve year sentence.

The petitioner says his guilty plea should be set aside because his trial attorney was incompetent in not asking that he have a mental evaluation prior to trial, that his plea of guilty was involuntary, and that the state failed to convict the co-conspirator.

The judgment is affirmed.

■ In the hearing on the petition, the petitioner called two doctors as his witnesses. Each of these doctors testified that the defendant had serious medical problems in and about the time of the entry of the guilty pleas but that there was no reason to believe he had any mental incapacity. In fact the doctors testified the petitioner was well oriented mentally.[1]

The petitioner's trial attorney saw nothing to indicate the petitioner was suffering from mental disease or incompetency. The petitioner has failed to show he required a competency screening at the time of trial.

The record shows the trial court conducted a hearing on the guilty plea in accordance with the rule in *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977). The attorney who represented the petitioner at trial testified the petitioner was well aware of the proceedings and understood them. From the record before us, it is clear the petitioner, who had a past record which more than qualified him for prosecution as an habitual offender, and who was facing base charges more serious than the one to which he pled guilty, was, through his attorney, able to negotiate a considerable bargain from the state.

The record supports the finding of the trial judge that the petitioner knowingly and voluntarily entered a plea of guilty in this case.

■ The petitioner contends that his conviction is void because the state retired the charge of conspiracy against his co-conspirator on the basis of lack of evidence. He claims this amounted to an acquittal and that he cannot be convicted of a conspiracy when the only co-conspirator has been acquitted.

This is a correct statement of the law generally. *Delaney v. State*, 164 Tenn. 432, 51 S.W.2d 485 (1932). However, like all legal theories and rules, unless the facts exist to bring the asserted rule into application, the theory or rule is of no consequence.

The record shows the case against the co-conspirator was placed on the retired docket on motion of the state because of unavailability of evidence at the time the motion was made. This does not amount to an acquittal of the co-conspirator, and the *Delaney* rule is unavailable to the petitioner.

■ Furthermore, where an accused bargains out of a prosecution of a more serious crime for which he could receive a much greater punishment, we are of the view he cannot escape the consequences of that bargain unless the record shows the bargain is such as to deny an accused of a fundamental constitutional right or where the enforcement of the plea would be unconscionable and not deserving of judicial approval. Such is not the case herein.

JOHN D. TEMPLETON, Special Judge, and DAUGHTREY, J., concur.

---

**1.** One of the physicians treated the petitioner in the summer of 1981 and one of them treated him in October, 1980, and February, 1981. The petitioner entered his guilty plea on May 12, 1981.