833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy RICHARDSON, Petitioner-Appellant,
v.
Michael DUTTON, et al. Respondents-Appellees.
 No. 86-5437.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1987.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and HARVEY, Senior District Judge.*
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Roy Richardson appeals from the district court's dismissal of his petition for a writ of habeas corpus. The district court ruled that Richardson had failed to exhaust his state remedies before proceeding to federal court. For the following reasons, the judgment of the district court is affirmed.
 
 I.
 
 2
 On May 12, 1981, Richardson entered a plea of guilty in Tennessee state court on charges of conspiracy to commit robbery by the use of a deadly weapon, and was sentenced to twelve years in state prison. Richardson waived his right to take a direct appeal. On November 21, 1981, Richardson filed a petition for post-conviction relief with the state court. In his petition, Richardson raised the following issues: (1) denial of effective assistance of counsel; (2) failure to provide him a competency hearing prior to trial; (3) guilty plea was involuntary and unintelligent; and (4) failure of the trial court to convict his co-conspirator.
 
 
 3
 A full evidentiary hearing was held, which resulted in the dismissal of Richardson's petition.[1] Richardson appealed to the Court of Criminal Appeals which issued an opinion on March 7, 1984, ruling against him on the merits. See Richardson v. State, 671 S.W.2d 865 (Tenn.Cr.App.1984). Richardson's appointed counsel filed an application for permission to appeal the adverse ruling to the Supreme Court of Tennessee; however, the only issue raised in the petition was the failure to convict the co-conspirator. The Tennessee Supreme Court declined to hear the appeal.
 
 
 4
 Soon thereafter, Richardson filed his first pro se petition requesting a writ of habeas corpus from the federal district court, asserting the same four grounds described above. On September 10, 1984, the district court dismissed the petition for failure to exhaust state remedies since the Tennessee Supreme Court had not had an opportunity to rule on some of the claims. The federal court found that it was a "mixed petition" and concluded that it must be dismissed under the rule established in Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 5
 Richardson returned to state court and filed a second petition for post-conviction relief. Once again, Richardson raised the four original issues plus an additional claim of ineffective assistance of counsel based on the failure of the court appointed attorney to appeal all the issues to the Tennessee Supreme Court in the first round of post-conviction state court proceedings. The state court dismissed this second post-conviction petition finding, inter alia, that Richardson did not have a constitutional right to counsel in post-conviction appeals and, therefore, could not bring a claim for ineffective assistance. With respect to the four original claims of error, the state court ruled that they had been "previously determined or waived." In what appears to be dicta, the state court also opined that the former appellate counsel had appealed the one issue that had contained "some merit" and that the rest were simply frivolous.
 
 
 6
 Instead of appealing this second state court dismissal to the Tennessee Court of Criminal Appeals, Richardson filed a second habeas petition in federal court. The case was referred to a magistrate who recommended that the petition be dismissed for failure to exhaust available state remedies. Although it is not entirely clear from the report, the magistrate apparently concluded that Richardson was required to appeal the state court's most recent ruling of procedural default through the Tennessee appellate courts before the federal court could pass judgment on the merits of his federal constitutional claims. The magistrate's report and recommendation was adopted in full by the district court and Richardson's petition was dismissed by order dated February 7, 1986.
 
 II.
 
 7
 Under 28 U.S.C. Sec. 2254, a federal court must dismiss a petition filed by a state prisoner challenging his state court conviction if it is shown that the prisoner had not already exhausted all the state remedies available to him.[2] Essentially, a state prisoner must present the substance of every claim he intends to assert in a section 2254 habeas petition to all levels of state review before proceeding to federal court; otherwise, the petition must be dismissed in its entirety. Rose v. Lundy, 455 U.S. 509 (1982).[3] An exception to the exhaustion requirement is made in cases where it is apparent that further resort to the state courts would be futile. See, e.g., Ferguson v. Knight, 809 F.2d 1239 (6th Cir.1987). Therefore, we must examine the procedural rules which govern Tennessee's post-conviction remedy in order to determine whether Richardson is barred from filing further claims in the state courts.
 
 
 8
 The state of Tennessee has instituted a statutory mechanism through which a prisoner can challenge the validity of his state court conviction. See Post-Conviction Procedure Act, Tenn.Code Ann. Sec. 40-30-101, et seq. The Act circumscribes the scope of the post-conviction hearings available to state prisoners:
 
 
 9
 40-30-111. Scope of hearings.--The scope of the hearing shall extend to all grounds the petitioner may have, except those grounds which the court finds should be excluded because they have been waived or previously determined, as herein defined. [Acts 1967, ch. 310, Sec. 10; 1971, ch. 96, Sec. 3; T.C.A., Sec. 40-3811.]
 
 
 10
 Tenn.Code Ann. Sec. 40-30-111.
 
 
 11
 This procedure is more specifically defined by section 40-30-112 which provides:
 
 
 12
 40-30-112. When ground for relief is "previously determined" or "waived."--(a) A ground for relief is "previously determined" if a court of competent jurisdiction has ruled on the merits after a full and fair hearing.
 
 
 13
 (b)(1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.
 
 
 14
 (2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived. [Acts 1967, ch. 310, Sec. 11; 1971, ch. 96, Sec. 4; T.C.A., Sec. 40-3812.]
 
 
 15
 Richardson contends that he is barred from raising his claims again before the Tennessee courts because they are deemed to have been "waived" due to his counsel's failure to raise them before the Tennessee Supreme Court in his first round of post-conviction appeals. Richardson alleges that his attorney disregarded his specific instructions to raise all his claims of error before the Tennessee Supreme Court. Indeed, the attorney's failure to follow this instruction provides the basis for his claim of ineffective assistance of counsel which he raised in his second round of post-conviction proceedings and again in his habeas petition. If Richardson's factual allegation is accepted as being true, then arguably, he did not "knowingly and intelligently" waive his right to assert these claims before the Tennessee courts. Tenn.Code Ann. Sec. 40-30-112). Thus, Richardson is not necessarily barred from attempting to raise these issues again.
 
 
 16
 Richardson claims that any further resort to the Tennessee state court would be futile because the Tennessee court has already ruled that his claims are barred because they have either been previously decided or waived. We note, however, that Richardson was entitled to appeal this adverse ruling which resulted in the dismissal of his second post-conviction petition. The Tennessee Post-Conviction Procedure Act provides in part:
 
 
 17
 The order granting or denying relief under the provisions of this chapter shall be deemed final judgment, and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee rules of appellate procedure.
 
 
 18
 Tenn.Code Ann. Sec. 40-30-122.
 
 
 19
 This court has previously held that such an attempt to appeal a ruling of procedural default is not necessarily futile. See Parker v. Rose, 728 F.2d 392 (6th Cir.1984). The facts in Parker are remarkably similar to those presented in the instant case. Parker was convicted in Tennessee of armed robbery and of being a habitual criminal. Parker subsequently filed a petition seeking relief under Tennessee's post-conviction procedures. This petition was denied because Parker's direct appeal was still pending before the Tennessee Court of Criminal Appeals. The court of appeals eventually affirmed Parker's conviction and the Tennessee Supreme Court declined to hear the appeal. Parker then filed a pro se habeas petition in federal court alleging ineffective assistance of counsel. The federal district court dismissed the petition for failure to exhaust his state remedies and instructed Parker to renew his efforts through the state post-conviction procedures. Parker then filed a second post-conviction petition in Tennessee state court. This petition, however, was summarily dismissed as being "repetitious." Parker then filed a second federal habeas petition. This time, the federal district court found that Parker had exhausted his state remedies. Nevertheless, the district court dismissed Parker's petition because it found that he had not been denied effective assistance of counsel.
 
 
 20
 On appeal, this court found that the district court had erred in concluding that Parker had exhausted his state remedies since he could have appealed the dismissal to Tennessee Court of Criminal Appeals. Furthermore, this court specifically rejected Parker's argument that further state court appeals would be futile. The Parker court's reasoning is set forth in the following passage:
 
 
 21
 Furthermore, it is by no means clear that petitioner will be deemed by the state court to have "presumptively waived" his right to proceed under the Post-Conviction Procedure Act.
 
 
 22
 ....
 
 
 23
 ... In order to find that petitioner made such a waiver, the state court would have to find that he knowingly and understandingly failed to present the ineffectiveness of counsel claim when he had an opportunity to do so--viz., in his second action under the Post-Conviction Procedure Act. If, as petitioner maintains, the second petition was never considered on the merits but was dismissed on the clerk's determination that it was repetitious, there is no basis for believing that petitioner could not use this and other information to rebut the presumption. In the event that the Tennessee courts should decide that petitioner has waived the ineffectiveness of counsel claim because he did not appeal the earlier dismissal, petitioner can appeal that decision and, if still unsatisfied, return to federal court for a habeas hearing. See Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (when procedural default bars state litigation of a constitutional claim, state prisoner may still obtain federal habeas relief upon a showing of cause and prejudice). In short, under the circumstances, we cannot say that it would be futile for petitioner to return to the Tennessee courts and present his ineffectiveness of counsel claim.
 
 
 24
 728 F.2d at 394-95 (emphasis added, footnote omitted).
 
 
 25
 In light of the Parker rationale, the district court was correct in ruling that Richardson must thoroughly exhaust his Tennessee post-conviction remedies before he can proceed to federal court. The Tennessee Supreme Court has not had an opportunity to rule on three of the issues raised in Richardson's habeas petition. Nor have the Tennessee appellate courts ruled on whether Richardson is barred from raising these issues in subsequent Tennessee post-conviction appeals.
 
 
 26
 Because we find that Richardson did not exhaust his available state remedies, we need not address the other issues raised on appeal. The district court's dismissal of the petition for habeas corpus is AFFIRMED.
 
 
 
 *
 Honorable James Harvey, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 According to the brief filed by the Tennessee Attorney General, Richardson voluntarily dismissed his first post-conviction petition and it was his second petition which was dismissed on the merits. The magistrate's report and recommendation contains no mention of this first abortive post-conviction petition, nor is it referred to in Richardson's brief on appeal. Whether Richardson did in fact agree to dismiss a previous petition is irrelevant to the issues presented in this case. The Tennessee Post-Conviction Procedure Act allows prisoners to voluntarily withdraw their petitions any time prior to judgment without prejudice. See Tenn.Code Ann. Sec. 40-30-115(a). Therefore, for the sake of simplicity we accept the procedural history as set forth in the magistrate's report and recommendation which indicates that Richardson's first petition for post-conviction relief was denied on the merits
 
 
 [2]
 Section 2254 provides, in relevant part:
 (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
 (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
 
 
 [3]
 Recently, the Supreme Court has held that an appellate court may exercise its discretion to hear the merits of a prisoner's habeas petition, even if it appears that he has not completely exhausted his state remedies where the state has failed to raise nonexhaustion as a defense in the district court. Granberry v. Greer, 107 S.Ct. 1671 (1987). In the instant case, however, the state fully and successfully argued nonexhaustion in the proceedings below; therefore, Granberry is not applicable. See Pillette v. Foltz, 824 F.2d 494, 498 (6th Cir.1987)