FILED
10/04/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 28, 2018

**VICTOR CLARK v. CHERRY LINDAMOOD, WARDEN**

**Appeal from the Circuit Court for Wayne County**
**No. 16216     Robert L. Jones, Judge**

———————————————————

**No. M2018-00134-CCA-R3-HC**

———————————————————

Pro se Petitioner, Victor Clark, appeals the summary dismissal of his petition for writ of habeas corpus by the Wayne County Circuit Court. The sole issue presented in this appeal is whether the Petitioner's judgment of conviction for employing a firearm during the commission of a dangerous felony, see T.C.A. § 39-17-1324(b), is void because he was acquitted of the predicate dangerous felony of attempted second degree murder as charged in the indictment. After review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Victor Demond Clark, Clifton, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Brent A. Cooper, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was indicted by a Madison County Grand Jury for two counts of attempted second degree murder, two counts of aggravated assault, reckless endangerment, and employing a firearm during the commission of a dangerous felony.[1]

---

[1] The indictment attached to the Petitioner's habeas corpus petition in the appellate record does not include counts 2, 4, and 6. However, the technical record from the Petitioner's prior consolidated appeal in State v. Victor Demond Clark and Kentavis Antwon Jones, No. W2014-00315-CCA-R3-CD, contains a complete copy of the Petitioner's indictment. To establish the procedural history in this appeal, this court will take judicial notice of the record in the consolidated appeal. See Church v. State, 987

Following a jury trial, the Petitioner was acquitted on both counts of attempted second degree murder and all lesser included offenses. He was convicted as charged on all other counts and received a total effective sentence of eighteen years in confinement. The Petitioner filed a timely direct appeal, but the appeal was voluntarily dismissed. See State v. Victor Demond Clark and Kentavis Antwon Jones, No. W2014-00315-CCA-R3-CD; Victor Clark v. State, No. W2015-00186-CCA-R3-PC, 2016 WL 1250985, at *2 (Tenn. Crim. App. Mar. 30, 2016); no perm. app. filed. Thereafter, the Petitioner filed a petition for post-conviction relief, which was denied by the trial court and affirmed by this court on appeal. Victor Clark, 2016 WL 1250985, at *6.

On September 11, 2017, the Petitioner filed a petition for writ of habeas corpus alleging that his judgment of conviction for employing a firearm during the commission of a dangerous felony was void and illegal because he was acquitted of the predicate dangerous felony of attempted second degree murder. The State filed a motion to dismiss the petition on October 26, 2017, arguing that the Petitioner's judgment of conviction was not void, but instead presented an example of "inconsistent verdicts." Following the Petitioner's response, the trial court granted the dismissal on December 27, 2017. In its written order, the trial court concluded that the "inconsistent verdicts in [the Petitioner's] case do not render the judgment of conviction void." This timely appeal followed.

## ANALYSIS

As we understand it on appeal, the crux of the Petitioner's argument is that his judgment of conviction for employing a firearm during the commission of a dangerous felony under Tennessee Code Annotated section 39-17-1324(b) is void because he was acquitted of the predicate dangerous felony of attempted second degree murder. The State counters, and we agree, that the Petitioner's judgment of conviction is not void.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the

S.W.2d 855, 859 (Tenn. Crim. App. 1998) (In habeas corpus action, appellate courts may take judicial notice of the court record and actions thereon in the Petitioner's earlier attacks upon his convictions).

- 2 -

judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)).

A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)); Archer, 851 S.W.2d at 161-64. However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Here, the Petitioner contends that because he was not convicted of a predicate dangerous felony, his conviction for employing a firearm during the commission of a dangerous felony is a "legal or factual impossibility," therefore void and illegal. In support of his argument, the Petitioner relies on Delaney v. State, 51 S.W.2d 485 (1932). In Delaney, the Tennessee Supreme Court held that when a coconspirator only "feigns acquiescence in proposal of the other" there is no agreement, and therefore no conspiracy. Id. at 487. Likewise, the Court said, when two conspire, the acquittal of one destroys the conspiracy charge as to the other. Id. While Delaney indeed addressed "legal or factual impossibility" as the Petitioner contends, it was a direct appeal challenging the sufficiency of the convicting evidence. Delaney is not controlling authority because the Petitioner seeks habeas corpus relief, which requires him to establish that his convictions are void based on the face of his judgments, "or the record of the proceedings upon which the judgment is rendered." Archer, 851 S.W.2d at 164. Furthermore, the Petitioner's claim actually deals with inconsistent verdicts rather than legal or factual impossibility.

The law governing this issue provides that "consistency between verdicts on separate counts of an indictment is not necessary." Wiggins v. State, 498 S.W.2d 92, 93 (Tenn. 1973). As permitted, inconsistent verdicts may occur in trials of multiple charges against a single defendant and may take the form of an inconsistency between a conviction and an acquittal. State v. Davis, 466 S.W.3d 49, 72 (Tenn. 2015). The Tennessee Supreme Court has explained:

For instance, a defendant may be charged with committing both a felony murder and the predicate felony. The jury then may convict the defendant of the felony murder but acquit the defendant of the predicate felony. It is well-settled under Tennessee law that the defendant is not entitled to relief from the felony murder conviction in this situation as long as the evidence was sufficient to support his murder conviction.

Id. Appellate courts will not disturb seemingly inconsistent verdicts as doing so would require inappropriate speculation into the trier of fact's reasoning. Wiggins, 498 S.W.2d at 93; Davis, 466 S.W.3d at 77 ("'The validity accorded to [inconsistent] verdicts recognizes the sanctity of the jury's deliberations and the strong policy against probing into its logic or reasoning, which would open the door to interminable speculation.'") (quoting United States v. Zane, 495 F.2d 683, 690 (2nd Cir. 1974)). Rather, each count in an indictment is treated as a separate indictment, and so long as there is sufficient evidence to support the defendant's conviction, the verdicts will be upheld. Wiggins, 498 S.W.2d at 93-94. Furthermore, the trier of fact, whether judge or jury, has within its discretion the ability to return a verdict finding the defendant guilty of some counts and not guilty of others pursuant to the evidence adduced at trial. See 7 Tenn. Prac. Pattern Jury Instr. T.P.I.−Crim. 41.03 ("The crime charged in each count of the indictment is a separate and distinct offense. You must decide each charge separately on the evidence and the law applicable to it. The defendant may be found guilty or not guilty of any or all of the offenses charged."). "In short, 'inconsistent jury verdicts are not a basis for relief.'" State v. John Smith, No. W2016-00720-CCA-R3-CD, 2017 WL 945941, at *4 (Tenn. Crim. App. Jan. 5, 2017) (quoting Davis, 466 S.W.3d at 77).

The doctrine of inconsistent verdicts has been applied to cases involving convictions for employing a firearm during the commission of a dangerous felony. See State v. Joshua Johnson, No. E2015-00545-CCA-R3-CD, 2016 WL 297886, at *6 (Tenn. Crim. App. Jan. 26, 2016) (facts supported defendant's conviction for employing a firearm during the commission of a dangerous felony when the dangerous felony was attempted first degree murder, despite being convicted of the lesser included offense of facilitation of attempted first degree murder); State v. Calvin Ellison, No. W2013-02786-CCA-R3-CD, 2014 WL 6977725, at *7-9 (Tenn. Crim. App. Dec. 10, 2014) (defendant's employment conviction was supported by the evidence even though he was acquitted of the predicate dangerous felony of attempted first degree murder and instead convicted of the lesser included offense of misdemeanor reckless endangerment; a "textbook" example of inconsistent verdicts).

Nevertheless, the Petitioner argues that Davis, Johnson, and Ellison, as well as the doctrine of inconsistent verdicts, do not apply to his case because, unlike the defendants in those cases, he was not convicted of attempted second degree murder or any lesser

- 4 -

included offense. We disagree. The appropriate inquiry, as discussed above, is not whether he was convicted of a predicate dangerous felony or a lesser included offense, but instead whether the evidence was sufficient to support the employment charge alone. While the Petitioner very well may have appropriately challenged the sufficiency of the evidence supporting his employment of a firearm during the commission of a dangerous felony offense on direct appeal, a habeas corpus proceeding is not the appropriate vehicle to seek such relief. Gant v. State, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973); Myers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970). Accordingly, because the Petitioner has failed to establish that his judgment of conviction for employing a firearm during the commission of a dangerous felony is void or illegal and because sufficiency of the evidence is beyond the scope of habeas corpus review, dismissal of the habeas corpus petition was proper. The Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and analysis, we affirm the judgment of the habeas corpus court.

_____
CAMILLE R. MCMULLEN, JUDGE

- 5 -